**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Staveley-O'Carroll, Appellant,

v.

Fenix Automotive, LLC, Respondent.

Appellate Case No. 2022-001795

———

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-186
Submitted May 1, 2025 – Filed June 11, 2025

———

**AFFIRMED**

———

Warren W. Wills, III, of Law Office of W. Westbrook
Wills III, of Folly Beach, for Appellant.

Damien Andreas Sobieraj, of Cooper River Legal
Services, LLC, of Mt. Pleasant, for Respondent.

———

**PER CURIAM:** Kevin Staveley-O'Carroll appeals the circuit court's order of judgment for damages awarding him $65,239 in damages against Fenix Automotive, LLC (Fenix), who was in default. On appeal, Staveley-O'Carroll argues the circuit court erred by basing its award of damages on monetary values without evidentiary support; specifically, the value of his 1969 Mercedes 280SL

(the Mercedes) at the time he delivered it to Fenix, the value the Mercedes would have had if Fenix performed the contracted work for restoration, and the value of the Mercedes in its present condition. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold the circuit court did not abuse its discretion in finding the value the Mercedes would have had if Fenix performed the restoration work to be an average of $81,000 because such finding was supported by evidence. *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial judge has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award."). The expert witness testified he believed the value of the Mercedes had Fenix restored it was approximately $115,000; however, he also testified the low for the same model of Mercedes was $47,000 and the average price was $81,400. Accordingly, the circuit court's finding that the average price was $81,000 was comparable to the expert's testimony and was supported by the evidence. *See Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 181, 463 S.E.2d 636, 640 (Ct. App. 1995) (stating when the "amount awarded was comparable to the testimony," the circuit court has not abused its discretion).

Next, we hold the circuit court made a clerical error in its finding as to the present value of the Mercedes, and abused its discretion as to its finding of the value of the Mercedes at the time Staveley-O'Carroll delivered it to Fenix because the valuation was without evidentiary support; however, we hold these errors were harmless. *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Whether an error is harmless depends on the circumstances of the particular case."). Despite the stated valuation of $10,000 for the present value of the Mercedes, the final calculation in the court's order for breach of contract and negligence utilized the valuation of $2,500, which was the present value the expert witness testified to during the damages hearing. *See Error, Black's Law Dictionary* (12th ed. 2024) (defining a "clerical error" as "[a]n error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination"). As to the value of the Mercedes at the time Staveley-O'Carroll delivered it to Fenix, the expert testified he believed the value was greater than the high $30,000 range, and was quotable somewhere in the low $40,000s, specifically giving a figure of $42,000 based on the testimony of Staveley-O'Carroll and Fenix's appraisal of the condition of each part of the Mercedes after disassembling it. The circuit court's finding that, "based on the testimony of [the expert]," the

Mercedes was in poor condition and had an average value of $22,500 was not supported by the evidence because it was in direct contradiction with the expert's testimony, and there was otherwise no evidence presented that the Mercedes had a value this low.  However, we hold this error was harmless because substituting $42,000 for the original value of the Mercedes would not change Staveley-O'Carroll's total damages.  Only the negligence claim calculation utilized this figure, and recalculating the damages with the proper valuation of the Mercedes at drop off totals $39,500 as opposed to the circuit court's original finding of $21,125.  However, Staveley-O'Carroll's damages on his negligence claim would nevertheless be reduced to zero after electing a remedy because the damages for negligence would still be lower than the damages for his breach of contract claim.  *See Judy*, 384 S.C. at 646, 682 S.E.2d at 842 ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result.").  Accordingly, we affirm the circuit court's order of judgment.

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.